Manley KIMBALL

v.

NEW ENGLAND GUARANTY INS. CO.

Supreme Judicial Court of Maine.

Argued May 9, 1994.

Decided June 7, 1994.

**1348**

Michael J. Welch (orally), Stephen Kottler, Hardy, Wolf & Downing, Lewiston, for plaintiff.

James Brett Main (orally), Platz & Thompson, Lewiston, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN and DANA, JJ.

RUDMAN, Justice.

Manley Kimball appeals from the summary judgment entered in the Superior Court (Oxford County, *McKinley, A.R.J*)

holding that the homeowner's insurance policy providing liability insurance to Daniel Pike excludes coverage for an accident caused by the homeowner's motor vehicle. We agree with the Superior Court and affirm the judgment.

On September 13, 1990, an old Ford pickup truck owned by Daniel and Claire Pike rolled out of their yard and into the road, where it collided with a passing car. The collision injured Manley Kimball, who sued Daniel Pike and obtained a default judgment against him. New England Guaranty Insurance Company ("New England Guaranty"), Pike's liability insurer, refused to defend or indemnify Pike in that action.

Kimball then brought a reach and apply action against New England Guaranty. 24–A M.R.S.A. § 2904 (1990). New England Guaranty moved for summary judgment, arguing *inter alia* that its policy excluded coverage for accidents caused by motor vehicles. The court agreed that the policy excluded coverage and granted New England Guaranty a summary judgment. The court found as undisputed fact that at the time of the accident, the pickup truck was unregistered and unfit for inspection, and that the Pikes hoped to use the truck to plow their driveway. Kimball appeals.

■ New England Guaranty's homeowner's policy contains standard language excluding liability coverage for bodily injury or property damage: "arising out of ... the ownership, maintenance, use, loading or unloading of motor vehicles or all other motorized land conveyances, including trailers, owned or operated by or rented or loaned to an insured." There is an exception to this exclusion for "a vehicle or conveyance *not subject to motor vehicle registration* which is ... used to service an insured's residence." (Emphasis added.)

■ We hold that the Pikes' truck was a vehicle subject to motor vehicle registration. The statutory definition of "vehicle" indubitably includes a pickup truck, 29 M.R.S.A. § 1(20) (1978), and the phrase "subject to

motor vehicle registration" is unambiguous. If the Pikes wanted to register the truck for road use, they would do so under the provisions for motor vehicles. 29 M.R.S.A. § 102 (Pamph.1993). Pickup trucks with a gross vehicle weight of less than 6000 pounds pay the same registration fee as a passenger car. 29 M.R.S.A. § 242(1)(A) (Pamph.1993). The exception to the policy exclusion defines a *type* of vehicle, and is not concerned with fact-specific analyses of whether a *particular* vehicle will or will not be registered. The Pikes' truck is "subject to registration," and whether they ultimately intended to register it is irrelevant. Such a vehicle exposes an insurer to risks not contemplated by the use of a riding lawnmower or a small residential tractor. The insurer has a contractual right to limit its liability in these circumstances, and we do not believe that the average homeowner would expect coverage in a like situation.

We therefore need not reach the question whether the Pikes' intention to use the truck to plow their driveway makes the truck a vehicle "used to service an insured's residence."

The entry is:

Judgment affirmed.

All concurring.